**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Raymond Lynch** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 06-409T** |
| | : | |
| **Correctional Officer Pelissey** | : | |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Now comes the Defendant, Correctional Officer Pelissey, by and through counsel, and for the reasons argued herein, submits that the Plaintiff has failed to state a claim upon which relief may be granted. Defendant respectfully requests that the Court dismiss this matter.

## I. The Complaint

Plaintiff Raymond Lynch is a penal inmate, currently incarcerated in the High security facility of the Adult Correctional Institutions (ACI) of the Rhode Island Department of Corrections. In June, 1998 Lynch was sentenced to a sixty-year term, thirty years to serve, with concurrent ten year sentences, after being convicted by a jury of three counts of first-degree sexual assault and two counts of second-degree sexual assault of his mentally impaired daughter. See *State v. Lynch*, 854 A.2d 1022 (R.I. 2004).

On January 20, 2006, Lynch was charged with violating institutional rules after Correctional Officer Pelissey witnessed Lynch standing in the doorway to the library, watching a female teacher teaching her class. Officer Pelissey told the inmate to move out of the doorway. Later, the officer saw Lynch against standing by the door, and at the teacher's request the officer escorted the teacher out, as Lynch was making her nervous. According to Pelissey, as the teacher left the area into the yard, Lynch left the library

quickly out to the yard. The offense with which Lynch was charged is considered "Highest – Non-Predatory" per Department of Corrections Policy, and is punishable per policy by 21-30 days in disciplinary confinement. At the disciplinary board hearing, Lynch denied any wrongdoing. The board found Lynch guilty, based on the officer's report, and imposed a sanction of 30 days segregation and 30 days loss of good time.

The sole Defendant is a Correctional Officer, employed by the Rhode Island Department of Corrections since 1999. Lynch's Complaint alleges violations of his 14th amendment due process rights as guaranteed by the U.S. and Rhode Island Constitutions. Lynch also alleges violations of the so-called "Morris Rules."

## II. Standard for Motion to Dismiss per Rule 12(b)(6)

A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (D.R.I. 1973). All doubts are resolved in the plaintiff's favor, and all allegations accepted as true. *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 227 A.2d 582 (1967).

## III. Argument

### A. It is well established that this Court has no jurisdiction to hear "Morris Rules" claims

Any claimed violation of the "Morris Rules," (the rules regarding discipline and classification created by the Court in *Morris v. Travisono*, 310 F.Supp. 857 (D.R.I.1970)) should be dismissed by this Court for lack of jurisdiction, pursuant to this Court's holding in *Doctor v. Wall*, 143 F.Supp.2d 203 (D.R.I. 2001).

**B. Claims regarding classification and "SRG" status should be dismissed because Plaintiff has no constitutional right to a specific classification**

Within his Complaint, Lynch states that he was classified by a classification board to the High Security Center C-status. He also complains that the Special Investigations Unit has designated him as an "SRG" (Security Risk Group) inmate, describing him as a "sexual predator."[1] These claims should be dismissed because they do not relate in any way to the actions of the Defendant, C.O. Pelissey, and also because firmly established case law holds that the Director of Corrections has "unfettered discretion" in the classification of inmates. See, e.g., *Bishop v. State*, 667 A.2d 275 (R.I. 1995). Additionally, the Due Process Clause itself does not endow inmates with a right to remain in the general population. See *Hewitt*, 459 U.S. 460, 467; *Rodi v. Venteleuolo*, 941 F.2d 22, 25 (1st CIR. 1991). Inmates do not have a constitutional right to any particular security classification. See *Palmigiano v. Mullen*, 491 F.2d 978, 980 (1st CIR. 1974). Rhode Island has not created a protected liberty interest in its prison classification system. See *Carillo v. DuBois*, 23 F.Supp.2d 103, 107 (D.Mass. 1998) *vacated in part on other grounds,* 32 F.Supp.2d 35 (D.Mass. 1999). Therefore, Plaintiff's challenge to his SRG status does not rise to a constitutional level. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) and *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

[1] Inmates who are designated "SRG" are supervised more closely than inmates who are not. The designation is meant to alert staff that the inmate represents a particular risk to institutional security. Inmates may be designated SRG for a variety of reasons, including but not limited to the nature of their criminal offense, the high profile nature of the crime, their status as a member of a gang or the mafia, past escape attempts, and others.

**C. Plaintiff's claims regarding his prison discipline should be dismissed as this Court may not sit as a super-disciplinary board and the discipline imposed does not exceed the expected parameters of plaintiff's prison sentence**

The United States Supreme Court has held that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law," and unless the discipline imposed represents a "dramatic departure from the basic conditions of [the inmate's] sentence," it is not protected by due process. *Sandin v. Conner,* 515 U.S. 472, 485. (1995). The court suggested that an example of discipline which would represent a significant departure from the basic conditions of the inmate's sentence is involuntary administration of psychotropic medication. *Id.* at 484. The court held that 30 days' lockup in punitive segregation does not represent a "significant departure" from the expected parameters of the inmate's sentence. *Id.* at 486. *Sandin* made it clear that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed.'" *quoting* *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).

In the case at bar, the Plaintiff was granted more process than the U.S. Supreme Court has held he was due: a disciplinary hearing. He was found guilty of the offense by the disciplinary board that utilized the standard in a prison disciplinary proceeding: "some evidence." (see *Parker v. Vose*, 875 F.Supp. 954, 965 (D.R.I. 1994) *citing Superintendent v. Hill*, 472 U.S. 445 (1985)). The penalty imposed on Plaintiff (i.e., time to serve in the segregation unit, loss of good time,) is well within the expected parameters of Plaintiff's sentence. By endeavoring to re-argue the facts of his discipline, Plaintiff is attempting to convert this Court into a super-disciplinary board.

Both the Rhode Island and United States Supreme Courts have held that prison administrators are to be afforded wide discretion in the discipline of inmates unless there is evidence to indicate that the prison officials have exaggerated their response to considerations of internal order and discipline. See, e.g., *Bell v. Wolfish,* 441 U.S. 520 (1979); *Pell v. Procunier,* 417 U.S. 817 (1974); *Laurie v. Senecal,* 666 A.2d 806 (R.I. 1995). *Bell v. Wolfish,* 441 U.S. 520 (1979). *Bell v.Wolfish* stands for the proposition that "prison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id* at 547**.** These principles of deference to correctional expertise were followed and validated by the Rhode Island Supreme Court in *Laurie v. Senecal,* 666 A.2d 806 (R.I. 1995)**.** As the Plaintiff in this case has presented no evidence of an exaggerated response on the part of Correctional Officer Pelissey, but rather merely disputes the facts upon which the disciplinary board found him guilty, this Court should defer to the expertise of the prison officials.

## IV. Conclusion

For all of the reasons argued in this memorandum, the Defendant submits that the Plaintiff has failed to state a claim upon which relief may be granted. The Defendant respectfully requests that this Court dismiss Plaintiff's Complaint.

Respectfully submitted:

/s/ Patricia A. Coyne-Fague #5198
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that on the 18th day of December 2006 I sent a true copy of the within document to: Raymond Lynch, P.O. Box 8200, Cranston, RI 02920.

/s/ Patricia A. Coyne-Fague