# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

RAYMOND LYNCH :
VS. : C.A. NO.: 06-409T
CORR. OFF. PELISSEY :

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS

NOW COMES THE PLAINTIFF, RAYMOND LYNCH, AND FOR THE REASONS PROFERRED HEREIN, SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

PLAINTIFF PRAYS THAT THIS HONORABLE COURT SHALL GRANT THIS MOTION.

DECEMBER 21, 2006

RESPECTFULLY SUBMITTED,
[signature], PRO SE
RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920

## CERTIFICATION

THE ABOVE-SIGNED HEREBY CERTIFIES THAT A COPY OF THIS MOTION AND ACCOMPANYING MEMORANDUM WERE SENT TO PATRICIA A. COYNE-FAGUE, 40 HOWARD AVE., CRANSTON, R.I. 02920 ON THIS DATE.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAYMOND LYNCH :
vs. : C.A. NO: 06-409T
COR. OFF. PELISSEY :

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS

NOW COMES THE PLAINTIFF, RAYMOND LYNCH, AND FOR THE REASONS HEREIN, SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

I. A. DUE PROCESS RIGHTS

THE PLAINTIFF IS CURRENTLY PROSECUTING A STATE POST-CONVICTION CASE AND IS AWAITING THE RESULTS OF FORENSIC D.N.A. TESTING RESULTS, PURSUANT TO R.I. G.L. 10-9.1-10, 11, + 12; THE RHODE ISLAND INNOCENCE PROTECTION ACT. HE IS SEEKING TO OVERTURN HIS CONVICTIONS AND SHOW HIS INNOCENCE IN HIS CRIMINAL CASE. SEE LYNCH VS. RHODE ISLAND; CASE NO. KM-2004-0918.

THE PRESENT CASE INVOLVES THE 32ND DISCIPLINARY REPORT ON THE PLAINTIFF'S DISCIPLINARY RECORD. HE HAS BEEN CALLED, AND TREATED LIKE, "A SCUMBAG" SINCE 1998 IN MAXIMUM SECURITY. HE HAS ATTEMPTED TO CHALLENGE PAST UNDESERVED AND PHONIED DISCIPLINARY

REPORTS IN THIS COURT THROUGH SECTION 1983 ACTIONS AND A HABEAS CORPUS ACTION. HE HAS HEARD COMMENTS PERTAINING TO TRYING TO MAKE HIM LOOK VERY BAD IN FRONT OF THE PAROLE BOARD, AND FEELS THAT SOME EMPLOYEES HAVE GENUINELY ATTEMPTED TO DRAW A PHYSICAL ASSAULT FROM HIM AS HE WENT THROUGH THE APPEAL PROCESS, AND IMMEDIATELY THEREAFTER FILED HIS POST-CONVICTION CASE.

THE DEFENDANT DIRECTLY CHALLENGES THE VALIDITY OF THIS DISCIPLINARY REPORT REGARDING AN ALLEGED COMPLAINT FROM AN INSTRUCTOR AND CLAIMS THAT THE RECORD WILL SHOW THAT THERE IS NO EVIDENCE TO SUBSTANTIATE THE DISCIPLINE REPORT, THE DISCIPLINARY BOARD'S DECISION, OR THE WARDEN'S DENIAL OF THE APPEAL. THIS CHALLENGE IS BROUGHT PURSUANT TO SUPERINTENDENT VS. HILL, 105 S.CT. 2768 (1985): "... DUE PROCESS IN THIS CONTEXT REQUIRES ONLY THAT THERE BE SOME EVIDENCE TO SUPPORT THE FINDINGS MADE IN THE DISCIPLINARY HEARING," AT 2775. "IN THIS CASE, PLAINTIFF'S DUE PROCESS RIGHTS ARE VIOLATED EVEN IF PLAINTIFF HAS DEMONSTATED NO COGNIZABLE LIBERTY INTEREST," BURNSWORTH VS. GUNDERSON, 179 F. 3d 771 (9TH CIR. 1999) AT 775. THUS, THE DEFENDANT'S CLAIM THAT THE PLAINTIFF HAS NO DUE PROCESS CLAIM IS UNSUBSTANTIATED.

B. MORRIS RULES CLAIM

THE MORRIS RULES STATE [MORRIS VS. TRAVISONO, 499 F. SUPP. 149 (D.R.I. 1980)] THAT THERE MUST BE "SUBSTANTIAL

EVIDENCE" IN THE RECORD AT AN A.C.I. DISCIPLINARY HEARING. THE MORRIS RULES ARE "NO LESS CAPABLE OF CONFERRING A PROTECTIBLE LIBERTY INTEREST ON A PRISON INMATE...", RODI VS. VENTETUOLO, 941 F.2d 22 (1ST. CIR. 1991) AT 28, "... THAN A PIECE OF PAPER SIGNED BY THE INMATE AND A D.O.C. OFFICIAL."

BEFORE AN INMATE AT THE A.C.I. CAN BRING A CLAIM OF A MORRIS RULES VIOLATION, HE MUST FIRST BRING A CONSTITUTIONAL VIOLATION CLAIM, DOCTOR VS. WALL, 143 F. Supp. 2d 203 (D.R.I. 2001). THUS, DEFENDANT'S CLAIM THAT THE MORRIS RULES VIOLATION SHOULD BE DISMISSED IS UNSUBSTANTIATED.

C. CLASSIFICATION AND SRG STATUS

THE PLAINTIFF CLAIMS ONLY THAT, BECAUSE HIS CLASSIFICATION CHANGED, AND WAS PUT ON SRG-1 STATUS, AND IS ON THE COMPUTER AS A "SEXUAL PREDATOR," HIS RE-CLASSIFICATION, SRG REMOVAL, AND "SEXUAL PREDATOR" LABEL REMOVAL SHOULD OCCUR DIRECTLY AS A RESULT OF THIS COURT'S FINAL JUDGEMENT AND DECISION. SINCE THE DISCIPLINARY REPORT FINDING CAUSED THE ABOVE CHANGES TO THE PLAINTIFF'S RECORD, THEN A SUCCESSFUL EXPUNGEMENT OF THE DISCIPLINARY REPORT SHOULD CAUSE REMOVAL OF THE ABOVE CHANGES TO THE PLAINTIFF'S RECORD.

PLAINTIFF'S CLAIM IS TO THE VALIDITY OF THE DISCIPLINE REPORT, NOT HIS CLASSIFICATION, AND HE SEEKS ANY AND ALL RELIEF HE IS ENTITLED TO. EXPUNGEMENT IS AN APPROPRIATE REMEDY, BURNSWORTH AT 775.

II. CONCLUSION

FOR THE ABOVE-PROFERRED REASONS, THE PLAINTIFF SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

RESPECTFULLY SUBMITTED,
Raymond Lynch, PRO SE
RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920