UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAYMOND LYNCH :
VS. : CASE NO. 06-409T
C/O PELLISSEY :

PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS

NOW COMES THE PLAINTIFF, RAYMOND LYNCH, AND FOR THE REASONS ARGUED HEREIN, SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

PLAINTIFF PRAYS THAT THIS HONORABLE COURT SHALL GRANT THIS MOTION.

APRIL 27, 2007

RESPECTFULLY SUBMITTED,
Raymond Lynch, PRO SE
RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920

CERTIFICATION

THE ABOVE-SIGNED HEREBY CERTIFIES THAT A COPY OF THIS MOTION AND ACCOMPANYING MEMORANDUM WERE SENT TO PATRICIA A. COYNE-FAGUE, 40 ~~CRANSTON~~ HOWARD AVE., CRANSTON, R.I. 02920 ON THE ABOVE DATE.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAYMOND LYNCH :
vs. : CASE NO. 06-409T
C/O PELLISSEY :

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS

NOW COMES THE PLAINTIFF, RAYMOND LYNCH, AND FOR THE REASONS HEREIN, SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

I. DUE PROCESS RIGHTS

THE PLAINTIFF DIRECTLY CHALLENGES THE VALIDITY OF THIS DISCIPLINARY REPORT REGARDING AN ALLEGED COMPLAINT FROM AN INSTRUCTOR AND CLAIMS THAT THE RECORD WILL SHOW THAT THERE IS NO EVIDENCE TO SUBSTANTIATE THE DISCIPLINARY REPORT, THE DISCIPLINARY BOARD'S DECISION, OR THE WARDEN'S DENIAL OF THE APPEAL. THIS CHALLENGE IS BROUGHT PURSUANT TO SUPERINTENDENT VS. HILL, 105 S. CT. 2768 (1985): "... DUE PROCESS IN THIS CONTEXT REQUIRES ONLY THAT THERE BE SOME EVIDENCE TO SUPPORT THE FINDINGS MADE IN THE DISCIPLINARY HEARING.", AT 2775, AS REFERRED TO IN NICHOLSON VS. MORAN, 835 F. SUPP. 692 (D.R.I. 1993); A SIMILAR A.C.I. CASE.

"IN THIS CASE, PLAINTIFF'S DUE PROCESS RIGHTS ARE VIOLATED

EVEN IF PLAINTIFF HAS DEMONSTRATED NO COGNIZABLE LIBERTY INTEREST," BURNSWORTH VS. GUNDERSON, 179 F.3d 771 (9TH CIR. 1999), AT 775.

THUS, DEFENDANT'S CLAIM THAT THE PLAINTIFF HAS NO DUE PROCESS CLAIM IS UNSUBSTANTIATED.

II. MORRIS RULES CLAIMS

IN MORRIS VS. TRAVISONO, 499 F.Supp. 149 (D.R.I. 1980), THE MORRIS RULES STATE THAT THERE MUST BE "SUBSTANTIAL EVIDENCE" IN THE RECORD AT AN A.C.I. DISCIPLINARY HEARING. THE MORRIS RULES ARE "NO LESS CAPABLE OF CONFERRING A PROTECTIBLE LIBERTY INTEREST ON A PRISON INMATE...", RODI VS. VENTETUOLO, 941 F.2d 22 (1ST CIR. 1991) AT 28, "...THAN A PIECE OF PAPER SIGNED BY THE INMATE AND A D.O.C. OFFICIAL."

THE SINGLE CORRECTIONAL OFFICER ON THE DISCIPLINARY BOARD, LT. ODEN, WAS THE ONLY PERSON CONSIDERING GUILT OR INNOCENCE. THE "INFRACTION CODE: 151," AND "INFRACTIONS SEVERITY: HIGHEST (NON-PREDATORY)" ARE NOT FOUND IN THE MORRIS RULES, BUT ARE IN THE NEW AND ILLEGAL D.O.C. DISCIPLINARY POLICY NOW IN EFFECT. TWO OFFICERS AND AN ADULT COUNSELOR SHOULD CONSTITUTE THE BOARD.

THE BOARD OFFICER RELIED ON THE OFFICER'S (PELLISSEY'S) REPORT, ONLY, AS HIS EVIDENCE OF GUILT.

THE COURT DOES INDEED HAVE JURISDICTION TO HEAR CLAIMS OF ALLEGED MORRIS RULES VIOLATIONS. THESE CLAIMS OF NO EVIDENCE IN THE RECORD MAY EVEN ~~BE~~ SUPERCEDED

MORRIS CLAIMS, NICHOLSON AT 697.

BEFORE AN INMATE AT THE A.C.I. CAN BRING A CLAIM OF A MORRIS RULES VIOLATION, HE MUST FIRST BRING A CONSTITUTIONAL VIOLATION CLAIM, DOCTOR VS. WALL, 143 F. Supp. 2d 203 (D.R.I. 2001).

THUS, DEFENDANT'S CLAIM THAT THE MORRIS RULES VIOLATION SHOULD BE DISMISSED IS UNSUBSTANTIATED.

III. CONCLUSION

FOR THE ABOVE-PRIFERRED REASONS, THE PLAINTIFF SUBMITS THAT THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DISMISSED.

RESPECTFULLY SUBMITTED,

Raymond Lynch, PRO SE

RAYMOND LYNCH
BOX 8200
CRANSTON, R.I. 02920