UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAYMOND LYNCH :
v. : C.A. NO. 06-409T
C/O PELLISSEY :

OBJECTIONS TO REPORT AND RECOMMENDATION

PURSUANT TO RULE 72(b), PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN THIS MATTER DATED MAY 10, 2007, AS ~~FOLLOWS~~ ALLOWS:

1. PLAINTIFF OBJECTS TO THE RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED. THE MAGISTRATE RECOMMENDS DISMISSAL BASED ON THE DECISION IN SANDIN V. CONNER, 515 U.S. 472 (1995) IN WHICH THE SUPREME COURT STATES THAT:

> "STATES MAY UNDER CERTAIN CIRCUMSTANCES CREATE LIBERTY INTERESTS WHICH ARE PROTECTED BY THE DUE PROCESS CLAUSE, BUT THESE INTERESTS WILL GENERALLY BE LIMITED TO FREEDOM FROM RESTRAINT WHICH, ... NONETHELESS IMPOSES ATYPICAL AND SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE." ID. AT 484.

THERE THE COURT RULED ON WHETHER PLACEMENT IN SEGREGATION, BY ITSELF, WITH NO LOSS OF GOOD-TIME CREDITS,

CONSTITUTED A DUE PROCESS VIOLATION. THUS, THE COURT RULED ON "FREEDOM FROM RESTRAINT" ISSUES, THE COURT RULED IN SUPERINTENDENT v. HILL, 105 S.CT. 2768 (1985) THAT DUE PROCESS IS VIOLATED UNLESS THERE IS "SOME EVIDENCE" IN THE RECORD. THIS IS THE PLAINTIFF'S CLAIM IN THE INSTANT CASE, YET THE MAGISTRATE MAKES NO REFERRAL TO HILL.

THE 1ST CIRCUIT RECOGNIZED THE DUE PROCESS RIGHTS ACCORDED TO INMATES AT THE A.C.I. WHEN IT STATED:

> "DUE PROCESS REQUIRES THAT A DISCIPLINARY BOARD'S FINDING OF GUILT BE SUPPORTED BY "SOME EVIDENCE" IN THE RECORD, SUPERINTENDENT, MASS. CORRECTIONAL INST., WALPOLE v. HILL, 472 U.S. 445, 455-56 (1985)..."

IN LOTHER v. VOSE, (C.A. NO. 95-2141, 1ST CIR. JUNE 21, 1996). SINCE THE 1ST CIRCUIT HAS ALREADY SUPPORTED THE SUPREME COURT'S DECISION IN HILL, THE MAGISTRATE'S REPORT AND RECOMMENDATION SHOULD BE SEEN AS WITHOUT MERIT.

THE PLAINTIFF DOE NOT CLAIM HIS DUE PROCESS RIGHTS WERE DENIED BY BEING PLACED IN SEGREGATION, BUT THAT THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE BOARD'S FINDING OF GUILT. McGUINNESS v. DUBOIS, 75 F.3d 794 (1ST CIR. 1996) AT 800.

THE 9TH CIRCUIT, IN BURNSWORTH v. GUNDERSON, 179 F.3d 771 (9TH CIR. 1999), RULED ON A SIMILAR INMATE CLAIM PURSUANT TO HILL, AND SUPPORTED THE INMATE'S CLAIM PURSUANT TO HILL, WHERE THE COURT STATED THAT:

> "... IT IS INCORRECT TO STATE THAT DUE PROCESS

IS NOT VIOLATED WHEN A PRISON DISCIPLINARY HEARING BOARD CONVICTS AN INMATE... AFTER THAT BOARD HOLDS A HEARING AT WHICH NO SHRED OF EVIDENCE OF THE INMATE'S GUILT IS PRESENTED. SEE HILL, 472 U.S. AT 454, 105 S.CT. 2768..." Id. AT 774

IN BURNSWORTH, THE 9TH CIRCUIT CONSIDERED THE DEFENDANT'S ARGUMENT THAT

"... PLAINTIFF WAS NOT ENTITLED TO RELIEF IN THE DISTRICT COURT BECAUSE (1) THE SUPREME COURT HAS GENERALLY LIMITED A PRISONER'S "LIBERTY INTERESTS" TO THOSE RESTRAINTS WHICH IMPOSE[ ] ATYPICAL AND SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE. SANDIN... (2) THE DISTRICT COURT CONCLUDED THAT PLAINTIFF SUFFERED NO SUCH ATYPICAL HARDSHIP;"

THE DEFENDANT'S ARGUMENT IS SIMILAR IN THE INSTANT CASE, AS IS THE MAGISTRATE'S RECOMMENDATION. HOWEVER, THE MAGISTRATE DOES NOT DISCUSS THE RULINGS IN HILL AND BURNSWORTH. THE 9TH CIRCUIT REFERRED TO LACK OF EVIDENCE BEING A DUE PROCESS VIOLATION BY BRINGING UP CALIFORNIA V. GREEN, 399 U.S. 149, 187 n.20, 90 S.CT. 1930, 26 L.Ed.2d 489 (1970), AND THOMPSON V. LOUISVILLE, 362 U.S. 199, 206, 80 S.CT. 624, 4 L.Ed.2d 654 (1960). "... SO IS IT A VIOLATION OF DUE PROCESS TO CONVICT AND PUNISH A MAN WITHOUT EVIDENCE OF HIS GUILT."

AS IN BURNSWORTH, AT 775, "IN THIS CASE, PLAINTIFF'S DUE

PROCESS RIGHTS ARE VIOLATED EVEN IF PLAINTIFF HAS DEMONSTRATED NO COGNIZABLE LIBERTY INTEREST."

THE MAGISTRATE DOES NOT STATE THAT HILL HAS BEEN OVERTURNED OR SUPERCEDED, AND THE CIRCUIT COURTS OF APPEAL HAVE UPHELD HILL.

2. THE COURT PLAINLY STATED THAT BEFORE AN INMATE AT THE A.C.I. CAN BRING A CLAIM OF A MORRIS RULES VIOLATION, HE MUST FIRST BRING A CONSTITUTIONAL VIOLATION ALLEGATION, IN DOCTOR V. WALL, 143 F. Supp. 2d 203 (D.R.I. 2001). THE PLAINTIFF DOES THIS IN HIS COMPLAINT AND INVOKED THE COURT'S PENDENT (sp?) JURISDICTION TO DECIDE AND HEAR MATTERS RELATING TO STATE LAW. PLAINTIFF OBJECTS TO THE MAGISTRATE'S RECOMMENDATION THAT THE CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE TO PLAINTIFF FILING THEM IN AN APPROPRIATE STATE COURT.

FOR THE ABOVE-PROFERRED REASONS, THE PLAINTIFF MOVES THE COURT TO GRANT THE PLAINTIFF'S DUE PROCESS RIGHTS AND MORRIS RULES CLAIMS.

RESPECTFULLY SUBMITTED,

[signature], PRO SE

RAYMOND LYNCH

BOX 8200

CRANSTON, R.I. 02920